## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEVIN MATTHEW DUNN,                )
                                   )
          Plaintiff,               )
vs.                                )    No. 2:26-CV-314
                                   )
CITY OF PITTSBURGH; CITY OF        )    Jury Trial Demanded
PITTSBURGH BUREAU OF               )
POLICE; OFFICER SETH A.            )
TESSMER; OFFICER JORDAN M.         )
PRICE; ANTHONY F. ROSATO,          )
and COMMANDER RAYMOND              )
RIPPOLE,                           )

          Defendants.

## **COMPLAINT**

AND NOW, comes the Plaintiff, Kevin Matthew Dunn, by and through his

attorneys, Elliott & Davis, PC and James T. Tallman, Esquire, and hereby files

this Complaint as follows:

## **INTRODUCTION**

1.    Plaintiff, Kevin Matthew Dunn, files this action against the

Defendants for violating his civil rights guaranteed under the Fourth and

Fourteenth Amendments of the United States Constitution. Plaintiff also

asserts claims under the common law of the Commonwealth of Pennsylvania.

2.    On February 22, 2024, Plaintiff was tasered, arrested and jailed in

violation of his civil rights. Plaintiff, an autistic adult, was walking around his

neighborhood as he often did. Plaintiff was abruptly followed by multiple police

cars with their lights on. The police officers exited their vehicles and informed Plaintiff that he was being detained and was not free to leave. Plaintiff displayed unusual mannerisms stereotypical to those with autism. Plaintiff ran away from the officers in an unusual gate, again typical to those with autism, towards his nearby Aunt's home. While on the front porch of his Aunt Danielle's home and knocking for entry, he was wrestled to the ground by police. While Plaintiff was on his stomach and his hands were behind his back, one of the police officers tased Plaintiff. Plaintiff was detained and taken to UPMC Mercy for medical treatment. As the incident unfolded, neighbors informed the Officers that Plaintiff was autistic. After being released from the hospital, Plaintiff was dropped off at his father's home. No charges were filed against Plaintiff. Plaintiff suffers from physical and emotional injuries resulting from his unlawful tasing, arrest, search, and the excessive force used by the Officers.

3.    This case involves a manifest miscarriage of justice. The Defendants unjustly caused Plaintiff to be arrested, detained, seized, and injured by Police without any rational justification. This case is an example of a rush to judgment and a failure of the system on a grand scale. It is an example of the systemic injustice routinely faced by neurodivergent and autistic individuals in Pittsburgh and the United States of America.

4.  Plaintiff demands a jury trial in this action.

## PARTIES

5.     Plaintiff Kevin Matthew Dunn is an adult individual and U.S. citizen. He resides at 1403 Keever Avenue, Pittsburgh, PA  15205.

6.     Defendant City of Pittsburgh is a second-class city in the Commonwealth of Pennsylvania with an address of 414 Grant Street, Pittsburgh PA 15219. Pittsburgh operates and maintains the Pittsburgh Bureau of Police ("PBP"), which has a principal place of business at 1203 Western Avenue, Pittsburgh, PA 15233.

7.     Defendant City of Pittsburgh Bureau of Police ("PBP") is a municipal police department existing under the laws of the Commonwealth of Pennsylvania and operating in Pittsburgh, Pennsylvania with its principal office located at 1203 Western Avenue, Pittsburgh, PA  15233. The patrolling area for the Pittsburgh Bureau of Police is split into six zones, and Zone Six's Police team polices the West End, Banksville, Brookline and Beechview areas of Pittsburgh.

8.     Defendant Officer Seth A. Tessmer ("Officer Tessmer"), based on information and belief, is a resident of Allegheny County, Pennsylvania, with a business address 1203 Western Avenue, Pittsburgh, PA  15233. At all times relevant to this Complaint, Officer Tessmer was a law enforcement officer employed by the Pittsburgh Bureau of Police acting under color of state law. Officer Tessmer is also being sued in his individual capacity for his actions under color of state law.

9.     Defendant Jordan M. Price ("Officer Price"), based on information and belief, is a resident of Allegheny County, Pennsylvania, with a business address 1203 Western Avenue, Pittsburgh, PA  15233. At all times relevant to this Complaint, Officer Price was a law enforcement officer employed by the Pittsburgh Bureau of Police acting under color of state law. Officer Price is also being sued in his/her individual capacity for his/her actions under color of state law.

10.     Defendant Anthony F. Rosato ("Officer Rosato"), based on information and belief, is a resident of Allegheny County, Pennsylvania, with a business address 1203 Western Avenue, Pittsburgh, PA  15233. At all times relevant to this Complaint, Officer Rosato was a law enforcement officer employed by the Pittsburgh Bureau of Police acting under color of state law. Officer Rosato is also being sued in his individual capacity for his actions under color of state law.

11.     The Defendant Officers Seth A. Tessmer, Jordan M. Price, and Anthony F. Rosato are referred to herein collectively as the Defendant Officers.

12.     Defendant Commander Ray Rippole ("Commander Rippole") based on information and belief, is a resident of Allegheny County, Pennsylvania, with a business address of 1203 Western Avenue, Pittsburgh, PA  15233.  At all times relevant to this Complaint, Commander Rippole was a law enforcement officer employed by Pittsburgh Bureau of Police, the supervisor for Pittsburgh Bureau of Police's Zone Six, and acting under color

of state law. Commander Rippole is being sued in his official and individual capacity for his actions under color of state law.

13.    At all times relevant to this Complaint, the City of Pittsburgh acted by and through its duly authorized employees, agents, and/or servants, who were there and then acting within the course and scope of their employment, agency, and/or servitude and under color of state law, including but not limited to the following individual officers Officer Tessmer, Officer Price, and Officer Rosato.

14.    The City of Pittsburgh and/or the Pittsburgh Bureau of Police, for all times relevant to this action, established and was responsible for the policies, practices, and customs of the PBP.

15.    The City of Pittsburgh, for all times relevant to this action, acted under color of state law.

16.    At all times relevant to this Complaint, Pittsburgh Bureau of Police acted by and through its duly authorized employees, agents, and/or servants, who were there and then acting within the course and scope of their employment, agency, and/or servitude and under color of state law, including but not limited to the following individual officers of the Bureau of Police: including but not limited to the following individual officers Officer Tessmer, Officer Price, and Officer Rosato.

17.    The Pittsburgh Bureau of Police, for all times relevant to this action, established and was responsible for the policies, practices, and customs of the PBP.

18.    The Pittsburgh Bureau of Police, for all times relevant to this action, acted under color of state law.

## JURISDICTION AND VENUE

19.    This Court has jurisdiction based on 28 U.S.C. § 1331 and 1343(3) and (4). Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 over the state law claims.

20.    Venue in this Jurisdiction is proper, pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2), as all claims set forth herein arose in the Western District of Pennsylvania, the Defendants reside and/or conduct business in the Western District of Pennsylvania, and the Plaintiff, resides in the Western District of Pennsylvania.

## FACTUAL ALLEGATIONS

21.    Plaintiff Kevin Matthew Dunn is a young adult who is neurodivergent and on the autism spectrum. Plaintiff displays many obvious mannerisms stereotypical to individuals with autism.

22.    On February 22, 2024, at or around 3:30 p.m., Plaintiff was walking around his neighborhood.

23.    Plaintiff liked to go for walks and loved cars. He went for walks on most days.

24.    At the time of his walk, many neighbors were familiar with Plaintiff's presence as a pedestrian in the neighborhood, Plaintiff's atypical mannerisms, and understood that Plaintiff was neurodivergent.

25.    On this particular walk, Plaintiff was walking on foot to his friend's house in the neighborhood.

26.    Plaintiff often walked to this friend's house.

27.    At the time of this particular walk, the friend was not at home.

28.    Plaintiff's Aunt Danielle also lives in this neighborhood.

29.    Plaintiff also often walks to his Aunt Danielle's house.

30.    At the time of this particular walk, Plaintiff's Grandma Donna was at Aunt Danielle's house babysitting Plaintiff's cousins.

31.    At the time of this particular walk, Plaintiff had a small stick in his hand for stimming.

32.    Stimming encompasses repetitive physical movements, sounds, or actions common in autistic individuals used to manage emotions, sensory input, and stress.

33.    Around 4:00 p.m., Plaintiff was aware that his friend was not at his home, so Plaintiff continued his walk around the neighborhood with his small stick in hand.

34.    Multiple police cars suddenly pulled up to Plaintiff with their lights on.

35.    Multiple police officers including Officers Tessmer, Price, and Rosato, hurriedly exited their vehicles to surround and confront Plaintiff.

36.    The officers loudly shouted at Plaintiff and told Plaintiff that he was being detained and was not free to leave.

37.    Plaintiff displayed unusual mannerisms stereotypical to those with autism.

38.    Plaintiff did not make violent outbursts directed at the Officers.

39.    Plaintiff did not threaten the Officers.

40.    Plaintiff did not create an environment that threatened the safety of himself, the nearby neighbors, or the Officers.

41.    Upon observing that Plaintiff was not a threat to safety or engaging in a crime, the Officers could have returned to their vehicles and left the scene. They did not do so.

42.    Plaintiff felt threatened and was in fear of his safety and of imminent bodily harm.

43.    Plaintiff ran from the Officers towards his Aunt Danielle's home.

44.    Plaintiff's running gate is unusual, awkward, and more of a gallop than a typical run. Plaintiff's running gate is stereotypical to those with autism.

45.    Plaintiff's response and mannerisms would indicate to any reasonable person that he was neurodivergent and autistic.

46.    While heading towards his Aunt's home, one or more of the Police Officers discharged their taser.

47.    While on the front porch of his Aunt Danielle's home and knocking for entry, Plaintiff was wrestled to the ground by the multiple Officers.

48.    Plaintiff was unarmed, with only the small stimming stick in his hand, and terrified.

49.    While Plaintiff was on his Aunt's front porch one or more of the Police officers tasered Plaintiff multiple times.

50.    The Defendant Officers knocked Plaintiff to ground, kneeled on his back and handcuffed him.

51.    Plaintiff suffered the excruciating pain of the taser.

52.    Plaintiff was hand cuffed, detained and taken to UPMC Mercy for medical treatment.

53.    As the incident unfolded, neighbors informed the Officers that Plaintiff was autistic.

54.    Plaintiff was eventually returned to his father's home.

55.    Plaintiff suffers from physical and emotional injuries resulting from his unlawful arrest, detention, seizure and the excessive force used by Police.

56.    Any reasonable police officer and Police Department in 2022 understood that deploying a taser is a serious use of force and that the weapon is designed to cause pain and temporary paralysis/immobilization.

57.    Physical injury is a foreseeable risk of deploying a taser on an individual.

58.    Any reasonable police officer and Police Department in 2022 understood that physical injury from falling was a foreseeable risk of an individual being tasered.

59.    On February 22, 2022, the Defendant Officers knew that physical injury from falling was a foreseeable risk of an individual being tasered, especially for an autistic individual.

60.    There was no threat of immediate danger to the officers or the public when the Officers deployed his taser on Plaintiff.

61.    Based on information and belief, at all times relevant hereto, the Officers' supervisor was Commander Rippole.

62.    Based on information and belief, at all times relevant hereto, Commander Rippole, as the  Commander of Zone Six, set policies, customs, procedures, and rules and issued edicts for the officers of the Pittsburgh Bureau of Police, including the Defendant Officers Tessmer, Price, and Rosato.

63.    Based on information and belief, at all times relevant hereto, Commander Rippole, as the  Commander of Zone Six, trained, supervised and controlled some of the officers of the Pittsburgh Bureau of Police, including the Defendant Officers Tessmer, Price, and Rosato.

64.    Based on information and belief, at all times relevant, Commander Rippole, as Commander of Zone Six, was a policymaker for the Pittsburgh Bureau of Police.

65.    At all times relevant hereto, the Pittsburgh Bureau of Police maintained an unconstitutional policy governing the use of force and non-lethal force and use of tasers and implemented said policy in an unconstitutional manner and failed to properly and adequately train its officers, including the Defendant Officers Tessmer, Price, and Rosato, on the constitutional use of force and non-lethal force and use of tasers.

66.    The Defendant Officers actions and attack on Plaintiff through the use of a taser on an unarmed, nonthreatening, and nonviolent individual was without cause or justification and undertaken recklessly, with deliberate and reckless indifference, wantonly and with gross negligence in violation of Plaintiff's constitutional rights provided by the Fourth Amendment to the United States Constitution.

67.    The Officers' actions and attack on Plaintiff caused Plaintiff to suffer multiple injuries, as well as the psychological truama and physical pain of being tasered and the wound and marks caused by the prongs of the taser gun.

68.    The Officers' actions and attack on Plaintiff caused Plaintiff to suffer personal bodily injury, pain and suffering, extreme emotional distress, and mental anguish.

69.    The unconstitutional, unlawful, intentional, willful, deliberately and recklessly indifferent, and reckless conduct, acts and omissions, as set forth herein, of Defendants caused Plaintiff to suffer multiple injuries, as well as the psychological trauma and physical pain of being tasered and the wound and marks caused by the prongs of the taser gun.

70.    The unconstitutional, unlawful, intentional, willful, deliberately indifferent, and reckless conduct, acts and omissions, as set forth herein, of Defendants caused Plaintiff to suffer personal bodily injury, pain and suffering, extreme emotional distress, and mental anguish.

71.    The unconstitutional, unlawful, intentional, willful, deliberately indifferent, and reckless conduct, acts and omissions, as set forth herein, of Defendants caused Plaintiff to be unjustly arrested, incarcerated, and maliciously prosecuted for crimes he did not commit.

72.    The unconstitutional, unlawful, intentional, willful, deliberately indifferent, and reckless conduct, acts and omissions, as set forth herein, of Defendants violated Plaintiff's right to be free from arrest and seizure and excessive force under the Fourth Amendment to the United States Constitution without probable cause.

73.    As a direct result of the Defendants' unconstitutional, unlawful, intentional, willful, deliberately indifferent, and reckless acts and omissions, as set forth herein, Plaintiff sustained injuries and damages, including loss of

freedom, pain and suffering, mental anguish, emotional distress, indignities, degradation, and restrictions on personal freedom.

74.   As set forth herein, Plaintiff was unjustly and unconstitutionally tasered, detained, arrested, searched, and injured. Based on the facts as stated herein, Defendants violated Plaintiff's constitutional rights to be free from seizure and arrest, without probable cause, in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution and Article I, § 8 of the Pennsylvania Constitution.

75.   Defendants' conduct and actions as set forth herein violated Plaintiff's constitutional rights to due process under the law pursuant to the Fifth and Fourteenth Amendments of the United States Constitution and Article I, §§ 1 and 9 of the Pennsylvania Constitution.

76.   The unlawful, intentional, willful, deliberately indifferent, and reckless acts and omissions of Defendants caused Plaintiff to be unjustly tasered, arrested, searched, injured and detained for crimes he did not commit. Indeed, Plaintiff was never charged with any crime.

77.   As a direct result of the Defendants' unconstitutional, unlawful, intentional, willful, deliberately indifferent, and reckless acts and omissions, as set forth herein, Plaintiff continues to suffer from the effects of his psychological and physical injuries, mental stress and anxiety.

78.   All claims under the United States Constitution asserted herein are brought pursuant to 42 U.S.C. §§ 1983 and 1988.

## COUNT I
(Plaintiff vs. Officers Seth A. Tessmer, Jordan M. Price,
and Anthony F. Rosato)
## USE OF EXCESSIVE FORCE IN VIOLATION OF
## THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

79.    Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth at length herein.

80.    This claim is asserted against Officers Seth A. Tessmer, Jordan M. Price, Anthony F. Rosato, in their individual capacities as police officers of the Pittsburgh Bureau of Police, acting under color of state law.

81.    The actions of the Defendant Officers were intentional and deliberate and taken with reckless disregard and deliberate indifference for the constitutional rights of Plaintiff, including not to be subjected to excessive force.

82.    Based on the facts alleged herein, the Defendants Officers conduct and actions, including the use of a taser gun on Plaintiff, constituted unconstitutional excessive force.

83.    Plaintiff asserts this claim for violation of the Fourth Amendment to the Constitution of the United States pursuant to 42 U.S.C. §§ 1983 and 1988

84.    As set forth above, Plaintiff did not act in a way that would attract police attention.

85.    Plaintiff displayed mannerisms stereotypical to those with autism.

86.   Plaintiff did not make violent outbursts directed at the Officers.

87.   Plaintiff did not threaten the Officers.

88.   Plaintiff did not create an environment that threatened the safety of himself, the nearby neighbors, or the Officers.

89.   Plaintiff was not actively committing a crime.

90.   Plaintiff was unarmed.

91.   When the Defendant Officers approached Plaintiff and told him he being detained and not free to leave, the Officers did not have probable cause to arrest and seize Plaintiff.

92.   No reasonable prudent police officer would have thought that he or she had probable cause to arrest and seize Plaintiff.

93.   No reasonable prudent police officer would have thought that Plaintiff had committed or was committing a crime.

94.   No reasonable prudent police officer would have thought that he or she had justification to deploy a taser on Plaintiff.

95.   The Defendant Officers had no probable cause to arrest Plaintiff and thus were not entitled to detain, seize, arrest or deploy their tasers on him.

96.   When the Defendant Officers tasered Plaintiff, he had no justification for doing so.

97.   Upon information and belief, the Defendant Officers knew and were aware of the Pittsburgh Bureau of Police's policy on deploying tasers.

98.    The Defendant Officers violated the Pittsburgh Bureau of Police's deployment of taser policy.

99.    The excessiveness of the force used against Plaintiff is evidenced by the lack of the severity of the alleged criminal activity, i.e., walking around the neighborhood with a small stimming stick.

100.    The excessiveness of the force used against Plaintiff is evidenced by the lack of any threat to the safety of the officer or anyone in the public.

101.    Plaintiff did not pose a threat to the safety of the Defendant Officers or any civilian so as to justify being tased.

102.    Said acts by the Defendant Officers were committed without authority of law, and in abuse of his/her powers, and in a manner in which he/she willfully, knowingly, and with specific intent deprived Plaintiff of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

103.    The Defendant Officers' actions unnecessarily escalated the situation. It was the Officers' unconstitutional and aggressive actions that led Plaintiff to suffer from being tasered.

104.    The Defendant Officers unconstitutionally seized Plaintiff when he/she deployed his/her taser on Plaintiff, without justification.

105.    As a direct and proximate result of said actions and violations of Plaintiff's constitutional rights by the Officers, Plaintiff suffered the injuries and damages described above in an amount to be determined at trial.

WHEREFORE, for all of the above reasons, the Plaintiff, Kevin Matthew Dunn, demands judgment against the Defendant Officers Seth A. Tessmer, Jordan M. Price, and Anthony F. Rosato, and prays for the following relief:

a. An award of compensatory damages for economic and non-economic damages to Plaintiff and against Defendants, jointly and severally, in an Amount to be determined at trial;

b. An award of punitive damages to Plaintiff and against Defendants in an amount to be determined at trial sufficient to deter such conduct by Defendants in the future;

c. An award of attorney's fees and costs of suit pursuant to 42 U.S.C § 1988;

d. An award of pre-judgment and post judgment interest; and

e. Any and all other relief to which the Plaintiff is entitled.

### COUNT II
(Plaintiff vs. Officers Seth A. Tessmer, Jordan M. Price,
and Anthony F. Rosato)
### UNCONSTITUTIONAL SEIZURE, ARREST AND FALSE IMPRISONMENT INVIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

106. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth at length herein.

107. This claim is asserted against the Defendant Officers Seth A. Tessmer, Jordan M. Price, Anthony F. Rosato in their individual capacities as police officers of Pittsburgh Bureau of Police, acting under color of state law.

108. The actions of the Defendant Officers were intentional and deliberate and taken with reckless disregard and deliberate indifference for the constitutional rights of Plaintiff.

109. Plaintiff asserts this claim for violation of the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. §§ 1983 and 1988.

110. As set forth above, Plaintiff did not act in a way that would attract police attention.

111. Plaintiff displayed mannerisms stereotypical to those with autism.

112. Plaintiff did not make violent outbursts directed at the Defendant Officers.

113. Plaintiff did not threaten the Defendant Officers.

114. Plaintiff did not create an environment that threatened the safety of himself, the nearby neighbors, or the Defendant Officers.

115. Plaintiff was not actively committing a crime.

116. Plaintiff was unarmed.

117. The Defendant Officers did not have probable cause to detain or arrest Plaintiff.

118. No reasonable prudent police officer would have thought that he or she had probable cause to detain or arrest Plaintiff.

119. No reasonable prudent police officer would have thought that Plaintiff had committed or was committing a crime.

120. Up to that point, Plaintiff was just walking around his neighborhood with his small stimming stick

121.  The Defendant Officers had no probable cause to arrest Plaintiff and thus were not entitled to detain or arrest him.

122.  Plaintiff was unjustly hand cuffed, detained, arrested and placed in police cruiser.

123.  As a direct and proximate result of said actions and constitutional violations by Defendant Officers, Plaintiff's constitutional rights were violated and Plaintiff suffered the injuries and damages described herein, in an amount to be determined at trial.

WHEREFORE, for all of the above reasons, the Plaintiff, Kevin Matthew Dunn, demands judgment against the Defendant Officers Seth A. Tessmer, Jordan M. Price, and Anthony F. Rosato, and prays for the following relief::

    a. An award of compensatory damages for economic and non-economic damages to Plaintiffs and against Defendants, jointly and severally, in an Amount to be determined at trial;

    b. An award of punitive damages to Plaintiffs and against Defendant in an amount to be determined at trial sufficient to deter such conduct by Defendant in the future;

    c. An award of attorney's fees and costs of suit pursuant to 42 U.S.C § 1988;

    d. An award of pre-judgment and post judgment interest; and

    e. Any and all other relief to which the Plaintiffs are entitled.

**COUNT III**
(Plaintiff vs. Commander Ray Rippole)
**VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

124.  Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth at length herein.

125.  Plaintiff asserts this claim for violation of the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 and 42 U.S.C. 1988.

126.  Commander Rippole is being sued in his individual and official capacity for his actions under color of state law.

127.  At all times relevant hereto, Commander Ray Rippole was a police officer of the Pittsburgh Bureau of Police and Commander of Zone Six.

128.  As a Commander, Commander Rippole was a policymaker and decision maker for the Pittsburgh Bureau of Police.

129.  At all times relevant hereto, Commander Ray Rippole was a supervisor to the Defendant Officers.

130.  Based on information and belief, at all times relevant hereto, Commander Rippole, as a Commander, set and enforced policies, customs, procedures, and rules and issued edicts for the officers of the Pittsburgh Bureau of Police, including the Officers.

131. Based on information and belief, at all times relevant hereto, Commander Rippole, as a Commander, trained, supervised and controlled some of the officers of the Pittsburgh Bureau of Police, including the Officers.

132. At all times relevant hereto, the Pittsburgh Bureau of Police maintained a Use of Force/Non-Lethal Use of Force and the Electronic Control Weapons policy, which included unconstitutional policies governing the use of tasers and implemented its policy in an unconstitutional manner.

133. Based on information and belief, Commander Rippole was responsible for enforcing and implementing the Pittsburgh Bureau of Police's Use of Force/Non-Lethal Use of Force and the Electronic Control Weapons policy.

134. Based on information and belief, Commander Rippole was responsible for the training of Pittsburgh Bureau of Police police officers, including the Defendant Officers, on the Pittsburgh Bureau of Police's Use of Force/Non-Lethal Use of Force and the Electronic Control Weapons policy.

135. Commander Rippole disregarded the known or obvious consequence that training officers to use tasers based on an unconstitutional policy would cause the officers, including the Defendant Officers, to violate persons, such as Plaintiff's, constitutional rights.

136. Commander Rippole disregarded the known or obvious consequence that implementing and enforcing an unconstitutional policy

would cause the police officers, including the Defendant Officers, to violate the persons, such as Plaintiff's, constitutional rights.

137. Commander Rippole's conduct showed a reckless, callous and deliberate indifference to the deprivation by Pittsburgh Bureau of Police police officers, including the Defendant Officers, of the rights of others, such as Plaintiff, by implementing and enforcing an unconstitutional policy regarding Use of Force/Non-Lethal Use of Force and the Electronic Control Weapons.

138. Commander Rippole's conduct showed a reckless, callous and deliberate indifference to the deprivation by Pittsburgh Bureau of Police police officers, including the Defendant Officers, of the rights of others, such as Plaintiff, by training officers to employ an unconstitutional policy regarding Use of Force/Non-Lethal Use of Force and the Electronic Control Weapons.

139. Commander Rippole's conduct showed a reckless, callous and deliberate indifference to the deprivation by Pittsburgh Bureau of Police police officers, including the Defendant Officers, of the rights of others, such as Plaintiff, by failing to adopt, implement, and enforce a constitutional policy regarding Use of Force/Non-Lethal Use of Force and the Electronic Control Weapons.

140. Commander Rippole's conduct showed a reckless, callous and deliberate indifference to the deprivation by Pittsburgh Bureau of Police police officers, including the Defendant Officers, of the rights of others, such as Plaintiff, by failing to adequately train Pittsburgh Bureau of Police police

officers, such as the Officers, how use and employ Use of Force/Non-Lethal Use of Force and the Electronic Control Weapons in a constitutional manner.

141.   Commander Rippole's actions and conduct relating to training on and implementation of the Pittsburgh Bureau of Police's Use of Force/Non-Lethal Use of Force and the Electronic Control Weapons policy, was a direct and proximate cause of the deprivation of the Plaintiff's constitutional rights which directly led to the injuries and damages suffered by Plaintiff, as alleged herein.

142.   As a direct and proximate result of said actions by Commander Rippole, Plaintiff was unlawfully seized, tased, and arrested in violation of the Fourth Amendment to the Constitution of the United States.

143.   As a direct and proximate result of said actions and violations of Plaintiff's constitutional rights, by Commander Rippole, Plaintiff suffered the injuries and damages described above in an amount to be determined at trial.

WHEREFORE, for all of the above reasons, the Plaintiff, Kevin Matthew Dunn, demands judgment against the Defendant Commander Ray Rippole, and prays for the following relief:

      a. An award of compensatory damages for economic and non-economic damages to Plaintiffs and against Defendant, jointly and severally, in an Amount to be determined at trial;

      b. An award of punitive damages to Plaintiffs and against Defendant in an amount to be determined at trial sufficient to deter such conduct by Defendant in the future;

c. An award of attorney's fees and costs of suit pursuant to 42 U.S.C § 1988;

d. An award of pre-judgment and post judgment interest; and

e. Any and all other relief to which the Plaintiffs are entitled.

## COUNT IV

(Plaintiff vs. City of Pittsburgh and Pittsburgh Bureau of Police)
### *MONELL* CLAIM FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

144.  Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth at length herein.

145.  Plaintiff asserts this claim for violation of the Fourth Amendment to the Constitution of the United States pursuant to 42 U.S.C. § 1983 and 42 U.S.C.

146.  Commander Ray Rippole was a policymaker and decision maker for Pittsburgh Bureau of Police.

147.  The Chiefs and Commanders of the Pittsburgh Bureau of Police were policymakers and decision makers for the Pittsburgh Bureau of Police.

148.  At all times relevant hereto, the City of Pittsburgh and Pittsburgh Bureau of Police, by and through its final decision makers and policymakers, maintained the Pittsburgh Bureau of Police's Pittsburgh Bureau of Police's Non-Lethal Use of Force and the Electronic Control Weapons policy, which was an

unconstitutional policy governing the use of tasers and implemented its policy in an unconstitutional manner.

149.  At all times relevant hereto, the Pittsburgh Bureau of Police's Non-Lethal Use of Force and the Electronic Control Weapons policy was approved, adopted and implemented by the final decision makers and policymakers, of the City of Pittsburgh and Pittsburgh Bureau of Police.

150.  Defendant acted with reckless and callous disregard and with deliberate indifference in violation of Plaintiff's constitutional rights in following ways:

     a.  Failing to properly train, monitor, and supervise its officers, including the Officers, in the proper and constitutional use of tasers.

     b.  Failing to adopt, establish and implement proper policies, protocols, guidelines, procedures, and systems regarding the constitutional use of tasers by its officers in the field.

     c.  Failing to adequately train its officers as to the probable cause needed to effectuate a legal arrest in accordance with established state and federal constitutional principles;

     d.  Failing to adequately train its officers in the appropriate use of a taser, which use must comply not only with state and federal constitutional principles but with the taser manufacturer's guidelines for use;

     e.  Failing to adequately train its officers in the appropriate use of force given state and federal constitutional principles;

     f.  Failing to adequately supervise its officers in the appropriate use of force given state and federal constitutional principles;

g. Failing to adopt and implement appropriate policies regarding use of force and use-of-force training; and

h. Failing to train officers in de-escalation measures and to avoid instigating physical confrontation by using communication tools.

151. Pittsburgh Bureau of Police acted with reckless and callous disregard and with deliberate indifference in violation of Plaintiff's constitutional rights to be free from arrest, seizure, and incarceration without probable cause, to be free from malicious prosecution, and to due process.

152. Defendants' conduct was in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

153. The acts and omissions by the Defendant Pittsburgh Bureau of Police, described herein were the direct and proximate cause of Plaintiff's injuries and damages, set forth herein, in an amount to be determined at trial.

WHEREFORE, for all of the above reasons, the Plaintiff, Kevin Matthew Dunn, demands judgment against the Defendant Pittsburgh Bureau of Police, and prays for the following relief:

a. An award of compensatory damages for economic and non-economic damages to Plaintiffs and against Defendant, jointly and severally, in an Amount to be determined at trial;

b. An award of punitive damages to Plaintiffs and against Defendant in an amount to be determined at trial sufficient to deter such conduct by Defendant in the future;

c. An award of attorney's fees and costs of suit pursuant to 42 U.S.C § 1988;

d. An award of pre-judgment and post judgment interest; and

e. Any and all other relief to which the Plaintiffs are entitled.


### COUNT V
(Plaintiff vs. City of Pittsburgh and Pittsburgh Bureau of Police)
***MONELL* CLAIM FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION**

154.  Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth at length herein.

155.  Based on information and belief, Pittsburgh Bureau of Police, by and through its final decision makers and policymakers, had a custom and policy of having its police officers unconstitutionally detaining, harassing, arresting and using excessive force on individuals, such as Plaintiff, due lack of training with neurodivergent/autistic individuals.

156.  Defendant failed to properly train, monitor, and supervise its officers, including the Defendant Officers, to properly fairly and even handedly investigate, address, evaluate and assess probable cause sufficient for arrest as it applies to autistic and neurodivergent individuals.

157.  Based on information and belief, Pittsburgh Bureau of Police, by and through its final decision makers and policymakers, had a custom and policy of acting in an unconstitutional manner and in disregard of the constitutional rights of neurodivergent or autistic individuals, such as Plaintiff.

158. Defendant failed to establish proper protocols, guidelines, procedures, and systems, for questioning and arresting autistic individuals.

159. Defendants acted with reckless disregard and with deliberate indifference in violation of Plaintiff's constitutional rights to be free from arrest, seizure, and detention without probable cause and under the protections of due process.

160. Defendants acted with reckless disregard and with deliberate indifference of Plaintiff's rights to be free from arrest, seizure, and detention without probable cause and under the protections of due process.

161. As a result of the Defendants failure to train and to establish proper protocols, guidelines, procedures, and systems, for questioning and arresting neurodivergent or autistic individuals, Plaintiff was unlawfully tased, arrested and detained in violation of his constitutional rights.

162. If the Officers had been trained properly to properly fairly and even handedly investigate, address, evaluate and assess neurodivergent or autistic individuals, Plaintiff would not have been subjected to the unlawful seizure, arrest, and detention in violation of his constitutional rights.

163. Defendant's conduct was in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

164. The acts and omissions by the Pittsburgh Police Department described herein were the direct and proximate cause of Plaintiff's injuries and damages, set forth herein.

WHEREFORE, for all of the above reasons, the Plaintiff, Kevin Matthew Dunn, demands judgment against Defendant Pittsburgh Bureau of Police, and prays for the following relief:

a.) An award of compensatory damages for economic and non-economic damages to Plaintiffs and against Defendants, jointly and severally, in an Amount to be determined at trial;

b.) An award of punitive damages to Plaintiffs and against Defendants in an amount to be determined at trial sufficient to deter such conduct by Defendants in the future;

c.) An award of attorney's fees and costs of suit;

d.) An award of pre-judgment and post judgment interest; and

e.) Any and all other relief to which the Plaintiffs are entitled.

## COUNT VI
(Plaintiff vs Officers Seth A. Tessmer, Jordan M. Price, and Anthony F. Rosato, City of Pittsburgh and Pittsburgh Bureau of Police)
## FALSE IMPRISONMENT
## UNDER PENNSYLVANIA STATE LAW

165.  All preceding paragraphs are hereby incorporated by reference as though set forth fully herein.

166.  As set forth herein, Plaintiff was arrested and detained by Defendants.

167.  The arrest and detainment of Plaintiff by Defendants was done without any legal justification or probable cause.

168.  The Defendant Officers' conduct constituted an egregious and unconscionable abuse of power and false imprisonment of Plaintiff.

169.  The actions of Defendants were intentional and deliberate and taken with reckless disregard for the rights of Plaintiff. The Defendant Officers were at all times police officers of Pittsburgh Bureau of Police. The Pittsburgh Bureau of Police is liable for the damages their actions caused.

170.  At all times relevant hereto, the City of Pittsburgh and Pittsburgh Bureau of Police acted through its employees, agents, and/or servants, and are vicariously liable for the actions of the Defendant Officers. The City of Pittsburgh and Pittsburgh Bureau of Police are liable for the damages actions caused by the Defendant Officers.

171.  Defendants' acts and omissions, as described in herein, were the direct and proximate cause of Plaintiff's injuries and damages, set forth herein.

172.  WHEREFORE, Plaintiff, Kevin Matthew Dunn, requests judgment in his favor and against all Defendants, and prays for the following relief:

  a.) An award of compensatory damages for economic and non-economic damages to Plaintiffs and against all Defendants, jointly and severally, in an Amount to be determined at trial in excess of arbitration limits of Allegheny County**;**

  b.) An award of punitive damages to Plaintiffs and against Defendants in an amount to be determined at trial sufficient to deter such conduct by Defendants in the future;

  c.) An award of pre-judgment and post-judgment interest; and

  d.) Any and all other relief to which the Plaintiff is entitled.

## COUNT VII
(Plaintiff vs. Officers Seth A. Tessmer, Jordan M. Price, and Anthony F. Rosato, City of Pittsburgh and Pittsburgh Bureau of Police)
## ASSAULT AND BATTERY
## UNDER PENNSYLVANIA STATE LAW

173.  Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth at length herein.

174.  As set forth above, Plaintiff was threatened and then tasered and arrested by the Defendant Officers without justification and violation of Plaintiff's constitutional rights.

175.  Prior to being tasered, Plaintiff was in apprehension of immediate bodily harm and experienced emotional shock and terror when the Defendant Officers tasered Plaintiff.

176.  Being tasered constituted an offensive touching and battery by Officer Tessmer on Plaintiff.

177.  The Defendant Officers conduct constituted an egregious and unconscionable abuse of power and assault and battery of Plaintiff.

178.  The actions of the Defendant Officers were intentional and deliberate and taken with reckless disregard for the rights of Plaintiff.

179.  At all times relevant hereto, the City of Pittsburgh and Pittsburgh Bureau of Police acted through its employees, agents, and/or servants, and are vicariously liable for the actions of the Defendant Officers. The City of

Pittsburgh and Pittsburgh Bureau of Police are liable for the damages actions caused by the Defendant Officers.

180.  As a direct and proximate result of the actions of the Defendants, Plaintiff suffered the injuries and damages described above in an amount to be determined at trial.

WHEREFORE, for all of the above reasons, the Plaintiff, Kevin Matthew Dunn, demands judgment against Defendant Officer Seth A. Tessmer, Jordan M. Price, and Anthony F. Rosato, and prays for the following relief:

a. An award of compensatory damages for economic and non-economic damages to Plaintiffs and against Defendants, jointly and severally, in an Amount to be determined at trial;

b. An award of punitive damages to Plaintiffs and against Defendants in an amount to be determined at trial sufficient to deter such conduct by Defendants in the future;

c. An award of attorney's fees and costs of suit;

d. An award of pre-judgment and post judgment interest; and

e. Any and all other relief to which the Plaintiffs are entitled.

**JURY TRIAL DEMANDED**.

Respectfully submitted,

ELLIOTT & DAVIS, PC

  _/s/James Tallman, Esq_      .
James Tallman, Esquire
Pa. Bar. Id. 79257
6101 Penn Avenue, Suite 302
Pittsburgh, PA 15206